Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| MARTIN DÍAZ ORTIZ<br><br>APELANTE<br><br>V.<br><br>RICHARD L. CARRIÓN, JORGE J. GARCÍA, JORGE DE LA ROSA, ROCÍO DE FÉLIX DÁVILA, BANCO POPULAR DE PUERTO RICO, POPULAR INC. HYUNDAI OF SAN JUAN AND ITS EXECUTIVES<br><br>APELADOS | TA2026AP00086 | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Ponce<br><br>Caso Núm. PO2025CV00932<br><br>Sobre: Injunction (Entredicho provisional, Injunction Preliminar y Permanente), Enriquecimiento Injusto, Daños |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2026.

El apelante, señor Martín Díaz Ortiz solicita que revoquemos la sentencia en la que el Tribunal de Primera Instancia (TPI) desestimó la demanda presentada por este contra los señores, Richard L. Carrión, Jorge J. García, Jorge De La Rosa, la señora Rocío de Félix Dávila y Banco Popular de Puerto Rico, Popular Inc., Hyunday of San Juan and Its Executives.

Por su parte, la parte apelada ha comparecido solicitando la desestimación del recurso por falta de jurisdicción.

II

### Hechos Procesales Pertinentes

El TPI notificó la sentencia apelada el 24 de noviembre de 2025. El apelante presentó el recurso de apelación el 23 de diciembre de 2025 en el buzón de la secretaría de ese tribunal. El recurso esta ponchado como presentado en la secretaría del Tribunal de Apelaciones el 21 de

enero de 2026. No obstante, no existe constancia del pago de aranceles con la presentación del recurso. La parte apelada solicita la desestimación del recurso por falta de jurisdicción, debido a que el apelante no notificó al Tribunal de Apelaciones su presentación dentro del término de cumplimiento estricto de cuarenta y ocho horas y tampoco pagó los aranceles.

### La Jurisdicción

Tan reciente como en *Greene et als v. Biase et als.,* 2025 TSPR 83, el Tribunal Supremo de Puerto Rico ratificó que la jurisdicción es el poder o autoridad de los tribunales para atender y decidir los casos ante su consideración. Un tribunal no tiene discreción para asumir jurisdicción cuando no la tiene. El tribunal que carece de jurisdicción está obligado a declararlo y a desestimar el caso en sus méritos.

### El Perfeccionamiento de los Recursos

El término para apelar las sentencias civiles del Tribunal de Primera Instancia al Tribunal de Apelaciones es de treinta días jurisdiccionales. Este plazo jurisdiccional comienza a transcurrir a partir del archivo en autos de copia de la notificación de la sentencia, salvo que aplique una ley especial que disponga lo contrario. El archivo en autos será el equivalente a la fecha de envío de la notificación por la plataforma electrónica. Regla 13 del Reglamento del Tribunal de Apelaciones, en adelante el reglamento, 4 LPRA Ap.XII-B. Además, véase Regla 52.2 (A) de Procedimiento Civil, 32 LPRA Ap. V.

La apelación se formalizará con la presentación del escrito en la secretaría del Tribunal de Apelaciones junto con el arancel correspondiente. La fecha del pago de arancel constituirá la de presentación de la apelación. La presentación de un recurso que necesita realizarse de forma física se formaliza, cuando el original es presentado en la secretaría del Tribunal de Primera Instancia o en la secretaría del Tribunal de Apelaciones. Su presentación debe estar acompañada del

arancel correspondiente. Regla 14 B del Reglamento del Tribunal de Apelaciones. El apelante que presenta el recurso en el Tribunal de Primera Instancia está obligado a **notificar su presentación a la secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho horas siguientes. Este término de cuarenta y ocho horas es de cumplimiento estricto. La notificación incluirá el original del escrito con el arancel cancelado y debidamente sellado por la secretaria de la sede del Tribunal de Primera Instancia.** El sello tiene que incluir fecha y hora de presentación. Regla 14 del Reglamento, supra.

Reiteradamente el Tribunal Supremo de Puerto Rico ha expresado que las disposiciones reglamentarias que gobiernan los recursos de apelación ante el Tribunal de Apelaciones deben observarse rigurosamente. *Pueblo v. Pérez Delgado,* 211 DPR 654, 671 (2023); *UGT v. Centro Médico del Turabo,* 208 DPR 944, 957 (2022); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). El derecho de las partes a recurrir a un tribunal de mayor jerarquía no es automático, ya que propone la notificación, diligenciamiento y el perfeccionamiento de los recursos dentro de los términos provistos. *UGT v. Centro Médico del Turabo, supra.*

La presentación oportuna en la secretaría del Tribunal de Apelaciones y la notificación a las partes, son requisitos esenciales para el perfeccionamiento de los recursos apelativos, porque inciden en la jurisdicción del tribunal. *Pérez Soto v. Cantera Pérez, Inc., et al,* 188 DPR 98, 105 (2013). Los requisitos de notificación no constituyen una mera formalidad procesal. Por el contrario, son parte integral del debido proceso de ley. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 551 (2017). El Tribunal de Apelaciones no adquiere autoridad para entender en un recurso que no ha sido perfeccionado dentro del término jurisdiccional que establece la ley. *Morán v. Marti,* 165 DPR 356, 367 (2005). El incumplimiento de los términos de cumplimiento estricto no

presupone la desestimación automática. No obstante, los tribunales tampoco pueden prorrogarse automáticamente. La parte que incumplió con un término de cumplimiento estricto tiene que demostrar justa causa para su incumplimiento. *Montañez Leduc v. Robinson Santana, supra, págs.* 550-551. Quien actúa tardíamente debe ofrecer explicaciones concretas debidamente evidenciadas para que el tribunal pueda concluir que existe justa causa para la tardanza. Las vaguedades, excusas o los planteamientos estereotipados no constituyen justa causa. La acreditación de justa causa no puede convertirse en un juego de mero automatismo en el que los abogados conjuran excusas genéricas y carentes de detalles. La justa causa exige explicaciones concretas, particulares y evidenciadas que permitan al tribunal justificar la demora. *Soto Pino v. Uno Radio Group,,* supra, pág. 92.

Toda persona que presente un recurso apelativo ante el Tribunal de Apelaciones está obligada a pagar los derechos de presentación. *Greene et als v. Biase et als.,* supra. El incumplimiento con el pago de los derechos arancelarios conlleva la nulidad del escrito y priva al Tribunal de Apelaciones de jurisdicción y deja a las partes desprovistas de remedios. *Greene et als v. Biase et als. supra*; *UGT v. Centro Médico del Turabo,* supra, págs. 957-958; *M-Care Compounding et al. v. Depto. De Salud,* 186 DPR 159, 176 (2012); *Gran Vista I v. Gutiérrez y otros,* 170 DPR 174, 188-190 (2007).

No obstante, nuestro ordenamiento jurídico reconoce excepciones a la norma del pago de arancel. La persona que obtenga el permiso para tramitar su caso de forma *pauperis*, está exenta de pagar los aranceles o derechos de presentación. *Greene et als v. Biase et als. supra*; *UGT v. Centro Médico del Turabo*, supra. La Regla 78 del Reglamento del Tribunal de Apelaciones, rige el procedimiento para que una persona indigente pueda ser eximida del pago de aranceles. La parte que solicita por primera vez litigar en forma *pauperis*, tiene que presentar una

declaración que certificará como correcta so pena de perjuicio. La declaración tiene que incluir los hechos que demuestran su incapacidad para pagar los derechos y costas o para prestar garantía. Además, deberá certificar que tiene derecho a un remedio e incluir una exposición de los asuntos que se propone plantear en el recurso. Si el tribunal concede la solicitud, el promovente podrá litigar sin el pago de derecho y costas o sin la prestación de fianza. La ausencia de una petición para litigar en forma *pauperis,* sin incluir el pago de los derechos arancelarios acarrea la destinación del recurso de apelación. *Gran Vista I v. Gutiérrez y otros,* supra, pág. 194.

### III

La parte apelada tiene razón. El incumplimiento del apelante con los requisitos para el perfeccionamiento del recurso nos priva de jurisdicción para atender sus reclamos. El apelante no compareció con abogado porque decidió auto representarse. No obstante, presentó el recurso sin pagar el arancel, acompañó una Solicitud Para Declaración de Indigencia y no notificó al Tribunal de Apelaciones la presentación del recurso dentro de las 48 horas.

El TPI notificó la sentencia apelada el 24 de noviembre de 2025. El apelante presentó el recurso de apelación el 23 de diciembre de 2025 en el buzón del Tribunal de Primera Instancia. No obstante, presentó el recurso en la secretaría del Tribunal de Apelaciones el 21 de enero de 2026. A esa fecha, había transcurrido el término de cumplimiento estricto de 48 horas para notificar la presentación del recurso en el Tribunal de Apelaciones. Sin embargo, el apelante no argumentó ni evidenció justa causa para su incumplimiento.

El apelante, presentó el recurso sin el pago de arancel. La falta del pago de arancel en ausencia de una solicitud para litigar de forma *pauperis,* acarrea la desestimación del recurso. Aunque el apelante presentó una solicitud para litigar de forma *pauperis,* no expuso los

hechos que demuestran su incapacidad para pagar los derechos y las costas del pleito. El apelante informó que no recibía ningún tipo de ingreso ni ayuda económica, lo que nos obliga a preguntarnos cómo satisface sus necesidades básicas. Además, incluyó como dependientes a cuatro hijos mayores de edad, que no viven con él y a los que no están obligados a pagar pensión alimentaria. Sus edades oscilan entre los treinta y tres años a cuarenta y cuatro años. La ausencia de hechos que demuestren la incapacidad económica del apelante nos obliga a denegar su solicitud para litigar de forma *pauperis*. Reconocemos que la determinación de no indigencia a la cual arribamos hoy no conlleva la desestimación automática del recurso, sino la extensión de un término para el pago de los aranceles. *Gran Vista I v. Gutiérrez y otros,* supra, pág. 197. No obstante, sería un absurdo procesal darle una oportunidad de pagar los aranceles para desestimar el recurso ante su incumplimiento con los requisitos de notificación y perfeccionamiento del recurso. Su incumplimiento con las formalidades para perfeccionar el recurso evidencia su desconocimiento del proceso judicial e incapacidad para comparecer por derecho propio. Tal incumplimiento conlleva la desestimación del recurso.

IV

Se desestima el recurso, debido al incumplimiento con las disposiciones que gobiernan su perfeccionamiento, nos priva de jurisdicción para atender los reclamos del apelante.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones